UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

ROGER ARMANDO U.Z.,[1]

Petitioner,

v.

CHRISTOPHER CHESTNUT,

Respondent.

No. 1:26-cv-07626-TLN-CSK

A # 240-188-726

**RELEASE ORDER**

This matter is before the Court on Petitioner Roger Armando U.Z.'s ("Petitioner") Petition for Writ of Habeas Corpus. (ECF No. 1.) Respondent filed an opposition. (ECF No. 8.) For the reasons set forth below, Petitioner's habeas petition is GRANTED. (ECF No. 1.) Respondent is directed to IMMEDIATELY RELEASE Petitioner.

///

///

///

///

[1] The Court omits Petitioner's full name to protect sensitive personal information. *See* Memorandum re: Privacy Concern Regarding Social Security and Immigration Opinions, Committee on Court Administration and Case Management, Judicial Conference of the United States (May 1, 2018), https://www.uscourts.gov/sites/default/files/18-cv-l-suggestion_cacm_0.pdf.

## I. Factual and Procedural Background

Petitioner is a noncitizen who entered the United States in 2022 without inspection or parole. (ECF No. 8-3 at 1.) He was released on an Order of Own Recognizance and issued a Notice to Appear in immigration court. (ECF No. 8-1 at 3; ECF No. 8-3 at 37–39.) He has no criminal history. (ECF No. 8-1 at 3.)

U.S. Immigration and Customs Enforcement ("ICE") re-arrested Petitioner on November 17, 2025, and served him with an order of expedited removal. (ECF No. 8-1 at 3, 5.) He was subsequently transferred to California City Detention Facility. (ECF No. 1 at 1.) After expressing fear of returning to his native country, he received a negative credible fear determination, which was vacated by an immigration judge. (ECF No. 8-2.) The government then served him with a new Notice to Appear, triggering a series of hearings in immigration court. (ECF No. 8-3.) Petitioner has not received a bond hearing in immigration court. (ECF No. 1 at 2.)

On December 18, 2025, Petitioner filed a petition for writ of habeas corpus in this court. ([*U.Z.*] *v. Chestnut*, No. 1:25-CV-01922-WBS-CKD, ECF No. 1). The magistrate judge assigned to the matter recommended granting the operative amended petition, but Judge William Shubb rejected the recommendation and denied the petition on May 26, 2026. (*Id.*, ECF No. 23).

On September 18, 2026, Petitioner filed the instant Petition for Writ of Habeas Corpus. (ECF No. 1.) Petitioner challenges the lawfulness of his civil detention and seeks immediate release. (*Id.*)

## II. Standard of Law

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., art I, § 9, cl. 2). "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has

served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001). Accordingly, a district court's habeas jurisdiction includes challenges to immigration detention. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

## III. Analysis

Petitioner claims his detention violates the Fifth Amendment Due Process Clause and the Immigration and Nationality Act ("INA").[2] (ECF No. 1 at 6.) In opposition, Respondent contends Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b) ("§ 1225(b)") and that his claims are barred by the abuse of the writ doctrine.[3] (ECF No. 8 at 1.)

### A. Abuse of the Writ Doctrine

Respondent argues that Petitioner's claims are barred by his earlier-filed habeas petition in this court pursuant to the abuse of the writ doctrine. (ECF No. 8 at 1.)

The common law "doctrine of abuse of the writ generally 'forbids the reconsideration of claims that were or could have been raised in a prior habeas petition.'" *Alaimalo v. United States*, 645 F.3d 1042, 1049 (9th Cir. 2011) (citation omitted). A "successive petition that raises identical grounds for relief as a prior petition must be dismissed unless the petitioner can show (1) cause for bringing a successive petition and that prejudice would result or (2) that a fundamental miscarriage of justice would result from failure to entertain the claim." *Id.* The government bears the burden of pleading abuse of the writ and must do so with "clarity and particularity." *Id.*; *McCleskey v. Zant*, 499 U.S. 467, 494 (1991), *superseded by statute on other grounds as stated in Banister v. Davis*, 590 U.S. 504 (2020). "The burden to disprove abuse then becomes petitioner's." *McCleskey*, 499 U.S. at 494.

---

[2] Petitioner also alleges a violation of the Eighth Amendment. (ECF No. 1 at 6.) Finding relief warranted on Petitioner's INA and Fifth Amendment claims, the Court declines to address this additional claim in favor of judicial economy.

[3] Respondent also argues that Petitioner's claims are barred by claim preclusion. (ECF No. 8 at 3–4.) "The longstanding rule [is] that res judicata has no application in habeas corpus." *Calderon v. U.S. Dist. Ct. for Cent. Dist. of California*, 163 F.3d 530, 537 (9th Cir. 1998), *abrogated on other grounds by Woodford v. Garceau*, 538 U.S. 202 (2003). Thus, claim preclusion does not bar Petitioner's claims.

Respondent argues that "The legality of [Petitioner's] detention and his demand for a bond hearing were litigated in the earlier case and rejected on the merits. . . . The court also denied his prior TRO seeking identical relief." (ECF No. 8 at 2.) The government meets its burden to plead abuse of the writ only if it "identifies the claims" it contends constitute abuse with particularity. *McCleskey*, 499 U.S. at 494. At a high level of generality, Respondent does so by referring to Petitioner's challenge to his detention and demand for a bond hearing, but does not specifically identify which claims for relief are duplicative.

In any case, the Court finds that there is cause for bringing a renewed petition, and that prejudice would result from barring this claim. Judge Shubb's order denying the previous petition rested on his determination that Petitioner was subject to mandatory detention under § 1225(b):

> In this case, the procedure prescribed by Congress is laid out clearly in 8 U.S.C. § 1225(b)(1)(B)(ii). That statute provides that a noncitizen "shall be detained [pending] further consideration of [his] application for asylum." (emphasis added). Petitioner, who filed an application for asylum that is currently pending, falls squarely within 8 U.S.C. § 1225(b)(1)(B)(ii)'s mandatory detention provision. (See Docket No. 21 at 2.) For that reason, notwithstanding how the Mathews factors might apply in this case, petitioner's continued detention is statutorily mandated pending consideration of his application.

([*U.Z.*], No. 1:25-CV-01922-WBS-CKD, ECF No. 23 at 3). At the time Judge Shubb resolved Petitioner's first habeas petition, the Ninth Circuit had not yet addressed this issue. Because the Ninth Circuit has since rejected Respondent's arguments as to § 1225(b), and issued controlling authority, the Court must now find that Petitioner's detention is governed by 8 U.S.C. § 1226(a). *Rodriguez Vazquez v. Bostock*, 183 F.4th 1160, 1165 (9th Cir. 2026).

Section 1226(a) of the INA "provides the general process for arresting and detaining [noncitizens] who are present in the United States and eligible for removal." *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1196 (9th Cir. 2022). The statute affords the government broad discretion whether to release or detain the individual. *Id.* It also provides "extensive procedural protections" including several layers of review of the initial custody determination, "an initial bond hearing before a neutral decisionmaker, the opportunity to be represented by counsel and to

present evidence, the right to appeal, and the right to seek a new hearing when circumstances materially change." *Id.* at 1202.

This intervening change in binding authority constitutes good cause for bringing a renewed petition. Barring the petition would cause clear prejudice by preventing Petitioner from pursuing a meritorious challenge to his present detention.

The Court therefore rejects Respondent's arguments on the abuse of the writ doctrine and proceeds to address the merits of Petitioner's claims.

B. <u>Fifth Amendment Due Process Clause</u>

The Fifth Amendment Due Process Clause prohibits government deprivation of an individual's life, liberty, or property without due process of law. U.S. Const. amend. V; *Hernandez v. Sessions*, 872 F.3d 976, 990 (9th Cir. 2017). "[T]he Due Process Clause applies to all 'persons' within the United States, including noncitizens, whether their presence here is lawful, unlawful, temporary, or permanent." *Zadvydas*, 533 U.S. at 693 (2001). These due process rights extend to immigration proceedings, including detention and deportation proceedings. *Id.* at 693–94; *see Demore v. Kim*, 538 U.S. 510, 523 (2003).

Courts examine procedural due process claims in two steps: the first asks whether there exists a protected liberty interest under the Due Process Clause, and the second examines the procedures necessary to ensure any deprivation of that protected liberty interest accords with the Constitution. *See Kentucky Dep't of Corrections v. Thompson*, 490 U.S. 454, 460 (1989); *Morrissey v. Brewer*, 408 U.S. 471, 481 (1972) ("Once it is determined that due process applies, the question remains what process is due.").

*i. Liberty Interest*

As to the first step, the Court finds Petitioner has a clear liberty interest in his continued freedom protected by the Due Process Clause. "Even individuals who face significant constraints on their liberty or over whose liberty the government wields significant discretion retain a protected interest in their liberty." *Pinchi v. Noem*, 792 F. Supp. 3d 1025, 1032 (N.D. Cal. 2025). Even if he is subject to removal or his freedom could be revoked by statute, Petitioner's liberty is still protected by the Due Process Clause. *See Hernandez*, 872 F.3d at 993, *Zadvydas*, 533 U.S. at

693.

Respondent argues that Petitioner is entitled only to "whatever the procedure authorized by Congress happens to be." (ECF No. 8 at 3) (*quoting Shaughnessy v. United States ex rel. Mezei*, 345 U.S. 206, 212 (1953)). Because Respondent maintains that Petitioner is subject to mandatory detention under § 1225(b), they argue that he has received this process. As explained above, Respondent's argument as to the applicability of § 1225(b) is unavailing as the Ninth Circuit has confirmed the government's interpretation of the statute is incorrect. Individuals like Petitioner who are "present without admission who are apprehended in the interior of the United States," are subject to discretionary detention under 8 U.S.C. § 1226(a). *Rodriguez Vazquez*, 183 F.4th at 1165. As such, they are entitled by statute to certain procedural protections before they may be deprived of their liberty, including the right to an initial bond hearing before an immigration judge. *Rodriguez Diaz*, 53 F.4th at 1202.

Accordingly, the Court finds Petitioner maintains a clear interest in his continued liberty protected by the Due Process Clause.

*ii. Procedures Required*

To determine what process is necessary to ensure any deprivation of Petitioner's protected liberty interest accords with the Constitution, the Court considers three factors: (1) "the private interest that will be affected by the official action;" (2) "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards;" and (3) "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976). As set forth below, these factors support Petitioner's constitutional right to notice and a pre-deprivation hearing.

First, as explained above, Petitioner has a substantial private interest in his own liberty that is unquestionably affected by the government's actions detaining him. The amount of time Petitioner spent at liberty underscores the gravity of its loss. *See Doe*, 787 F. Supp. 3d at 1094. Accordingly, this factor weighs in favor of finding Petitioner has a significant private interest that has been affected by his detention.

Second, the risk of erroneous deprivation of Petitioner's liberty interest is considerable. Because civil immigration detention is "nonpunitive in purpose and effect," a "special justification" must outweigh Petitioner's protected liberty interest for his detention to comport with due process. *Zadvydas*, 533 U.S. at 690. While "[t]he government has legitimate interests in protecting the public and in ensuring that noncitizens in removal proceedings appear for hearings," Petitioner has received virtually no procedural safeguards to ensure any detention is reasonably related to those purposes. *Hernandez*, 872 F.3d 976. Most significantly, Petitioner has not been afforded the "initial bond hearing before a neutral decisionmaker" to which he is entitled by statute. *Rodriguez Diaz*, 53 F.4th at 1202. As Respondent does not argue Petitioner is a danger to the public or a flight risk, and Petitioner has no criminal history, the risk that he is being detained without proper justification is exceedingly high. *A.E. v. Andrews*, No. 1:25-CV-00107-KES-SKO, 2025 WL 1424382, at *5 (E.D. Cal. May 16, 2025).

Third, the government's interest in detaining Petitioner without notice and a hearing is low. The effort and cost required to provide Petitioner procedural safeguards are minimal. *See Doe*, 787 F. Supp. 3d at 1094. Notice and custody determination hearings are routine processes for Respondent. Any burden associated with their provision does not outweigh Petitioner's substantial liberty interest and the risk of erroneous deprivation. Respondent articulates no legitimate interest in detaining Petitioner absent these processes.

Upon consideration of the *Mathews* factors, the Court finds Petitioner is entitled to notice and a hearing before a neutral decisionmaker. He has received neither. Petitioner's detention thus violates the Fifth Amendment Due Process Clause.

## IV. CONCLUSION

For the foregoing reasons, the Court GRANTS the Petition for Writ of Habeas Corpus. (ECF No. 1.) IT IS HEREBY ORDERED:

1. Respondent must IMMEDIATELY RELEASE Petitioner Roger Armando U.Z. A# 240-188-726 from custody. At the time of release, Respondent must return all of Petitioner's documents and possessions. **Respondent must file a notice certifying compliance with this provision of the Court's Order within two (2) court days from the date of this Order.**

2. Respondent is ENJOINED AND RESTRAINED from re-arresting or re-detaining Petitioner, while subject to 8 U.S.C. § 1226(a), absent compliance with statutory and constitutional protections, including a minimum of seven-days' notice and a pre-deprivation hearing before a neutral factfinder where Respondent demonstrates by clear and convincing evidence that the government's interest in protecting the public or ensuring Petitioner appears at future immigration proceedings outweighs Petitioner's constitutionally protected interest in remaining free from detention such that no alternative to detention can mitigate that risk. *See Zadvydas*, 533 U.S. at 690; *Hernandez*, 872 F.3d at 990. At any such hearing, Petitioner shall be allowed to have counsel present.

3. The Motion for Temporary Restraining Order is DENIED as moot. (ECF No. 2.)

4. The Emergency Motion to not Transfer Petition to Former District Judge is DENIED as moot. (ECF No. 3.)

5. **The Clerk of Court is directed to serve California City Detention Facility with a copy of this Order.**

6. The Clerk of Court shall enter judgment in favor of Petitioner and close this case.

IT IS SO ORDERED.

**DATED: October 22, 2026**

TROY L. NUNLEY
CHIEF UNITED STATES DISTRICT JUDGE